JENNIFER K. WHIPPLE, SBN: 196795
HERUM CRABTREE BROWN
*A California Professional Corporation*
2291 West March Lane, Suite B-100
Stockton, California 95207
Telephone: (209) 472-7700
jwhipple@herumcrabtree.com

*Attorneys for Priority Freight Handling, Inc.*
*and Frank Gonzales, Sr.*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| LUIS CRUZ, individually and on behalf of all persons similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>PRIORITY FREIGHT HANDLING, INC., FRANK GONZALES, SR. AND DOES 1 through 100, inclusive<br><br>      Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL** |

///

///

///

///

///

///

///

HERUM CRABTREE BROWN
Attorneys At Law

1

NOTICE OF REMOVAL

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that that Defendants PROIORITY FREIGHT HANDLING, INC. and FRANK GONZALES, SR. ("Defendants") hereby remove this case from the Superior Court of the State of California, County of San Joaquin, to the United States District Court for the Eastern District of California, Sacramento Division. In support of this removal, Defendants state the following:

1.  The Action

Plaintiff Luis Cruz ("Plaintiff") filed a Complaint ("Complaint") in Case No. CV 034970, captioned *Luis Cruz individually and on behalf of all others similarly situated, vs. Priority Freight Handling, Inc., Frank Gonzales Sr. and Does 1-100, inclusive* on March 10, 2008 in the Superior Court of California, County of San Joaquin. Plaintiff's Complaint alleges the following claims: (1) Unpaid Overtime Compensation [California Labor Code § 1194 and 29 U..S.C. § 201 *et seq.*]; (2) Failure to Provide Meal and Rest Periods [California Labor Code §§ 512, 226.7]; (3) Violations of Unfair Competition Act [California Business  Profession Code § 17200 *et seq.*]; (4) Unpaid Vacation Compensation [California Labor Code §§ 227, 227.3]; (5) Unlawful Wage Deductions for Uniforms [California Labor Code §221] and (6) Statutory Penalties for Violation of Record Keeping Requirements [California Labor Code § 226]. Copies of all of the pleadings and papers filed in the Superior Court of California, County of San Joaquin in Case No. CV 034970, of which Defendants are aware are attached to this Notice of Removal as Exhibit A.

2.  Statutory Grounds For Removal

This action is removable under 28 U.S.C. § 1441(b), which provides that, "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Plaintiff's Complaint could have been originally filed in the United States District Court because one or more of Plaintiff's claims arises under the laws of the United States, including U.S.C. § 201 *et seq.* Because those of Plaintiff's claims that arise under California state law are transactionally related, this Court has jurisdiction over those claims pursuant to 28 U.S.C. 1441(c).

HERUM CRABTREE BROWN
Attorneys At Law

3.  Timeliness of Removal

Pursuant to 28 U.S.C. 1446(b), this Notice of removal is timely because Defendants were served with the Summons and Complaint on March 25, 2008 and this Notice of removal is being filed on this date, April 24, 2008, within 30 days of the date of service.

4. Notice to Adverse Parties and Clerk of Superior Court

Pursuant to 28 U.S.C. 1446(d), Defendants will give written notice of the removal of this action to all adverse parties and the Clerk of the Superior Court, County of San Joaquin. A true and correct copy of the notice to be filed and served is attached to this Notice of Removal as Exhibit B.

5.  No Waiver

By filing this Notice of Removal, Defendants do not waive any defense available to them. WHEREFORE, Defendants respectfully remove this case to this Court.

Respectfully Submitted,

Date: April 24, 2008

HERUM CRABTREE BROWN
*A California Professional Corporation*

By: *Jennifer K. Whipple*
　　JENNIFER K. WHIPPLE

HERUM CRABTREE BROWN
2291 West March Lane, Suite B-100
Stockton, California 95207
Telephone:  (209) 472-7700
jwhipple@herumcrabtree.com

*Attorneys for Priority Freight Handling, Inc. and Frank Gonzales, Sr.*

**NOTICE OF REMOVAL**

HERUM CRABTREE BROWN
Attorneys At Law

Exhibit A

03/26/2008 WED 9:15    [JOB NO. 5964]    ☑002

Mar. 10 2008 16:50    I AW OFFICE OF JERRY BUDIN    2086443144    P.2

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PRIORITY FREIGHT HANDLING, INC., FRANK GONZALES, SR.,
and DOES 1 through 100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
LUIS CRUZ, individually and on behalf of all others
similarly-situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN JOAQUIN<br>222 East Weber Avenue<br>Stockton, CA 95202 | CASE NUMBER:<br>*(Número del Caso):*<br>CV 034970 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JERRY N. BUDIN, ESQ.,    CSB NO. 88539    (209) 544-3030
Law Office of Jerry Budin
2401 E. Orangeburg Ave., Ste. 675-309 ROSA JUNQUFIRO

DATE:    MAR 1 0 2008    Clerk, by _____, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*    3/20/08

Legal
Solutions

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

03/26/2008 08:56    2093556906    PRIORITY FREIGHT HAN    PAGE 02/18

03/26/2008 WED 9:15    [JOB NO. 5964]    ✉003

Mar 10 2008 16:50    LAW OFFICE OF JERRY BUDIN    209F443144    P.3

Jerry Budin, Esq.
State Bar #88539
LAW OFFICE OF JERRY BUDIN
2401 E. Orangeburg Ave., Ste. 675-309
Modesto, California 95355
Telephone: (209) 544-3030
Facsimile: (209) 544-3144

Attorneys for Plaintiff,
LUIS CRUZ, individually
and on behalf of all others
similarly-situated

MAR 1 0 2008

Filed _____

ROSA JUNQUEIRO, CLERK

BY _____
DEPUTY

THIS CASE HAS BEEN ASSIGNED TO
JUDGE CARTER P HOLLY IN
DEPARTMENT 42 FOR ALL PURPOSES
INCLUDING TRIAL

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN JOAQUIN

(Unlimited Jurisdiction)

| | |
|---|---|
| LUIS CRUZ, individually and on behalf of all others similarly-situated, <br><br> Plaintiffs, <br><br> vs. <br><br> PRIORITY FREIGHT HANDLING, INC., FRANK GONZALES, SR. AND DOES 1 through 100, <br><br> Defendants. <br><br> **BY FAX** | **CLASS AND COLLECTIVE ACTIONS** <br><br> CASE NO. CV034970 <br><br> COMPLAINT FOR (1) UNPAID OVERTIME COMPENSATION [Calif. Labor Code §1194 and 29 U.S.C. §201 et seq.]; (2) FAILURE TO PROVIDE MEAL AND REST PERIODS [Calif. Labor Code §§512, 226.7]; (3) VIOLATIONS OF UNFAIR COMPETITION ACT [Calif. B&P §17200 et seq.]; (4) UNPAID VACATION COMPENSATION [Calif. Labor Code §§227, 227.3]; (5) UNLAWFUL WAGE DEDUCTIONS FOR UNIFORMS [Calif. Labor Code §221]; AND (6) STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS [Calif. Labor Code §226] <br><br> DEMAND FOR JURY TRIAL |

Plaintiff, LUIS CRUZ, individually and on behalf of all others similarly-situated, complains and alleges as follows:

COMPLAINT FOR (1) UNPAID OVERTIME COMPENSATION [Calif. Labor Code §1194 and 29 U.S.C. §§201 et seq.]; (2) FAILURE TO PROVIDE MEAL AND REST PERIODS [Calif. Labor Code §§512, 226.7]; (3) VIOLATIONS OF UNFAIR COMPETITION ACT [Calif. B&P §17200 et seq.]; (4) UNPAID VACATION COMPENSATION [Calif. Labor Code §§227, 227.3]; (5) UNLAWFUL WAGE DEDUCTIONS FOR UNIFORMS [Calif. Labor Code §221]; AND (6) STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS [Calif. Labor Code §226]

PRIORITY FREIGHT HANDLING

2093656006    08:56    03/26/2008

03/26/2008 WED 9:15 [JOB NO. 5964] @004

## INTRODUCTION

1. This is an "opt-out" class action, pursuant to California Code of Civil Procedure §382, and an opt-in collective action, pursuant to 29 U.S.C. §216(b), seeking unpaid wages and interest thereon, waiting time penalties, liquidated damages, injunctive and other equitable relief and reasonable attorney's fees and costs, brought by plaintiff, LUIS CRUZ, individually and on behalf of all other unloaders ("lumpers") employed by, or formerly employed by, PRIORITY FREIGHT HANDLING, INC. and FRANK GONZALES, SR., and their subsidiaries, successors, owners and affiliated companies ("defendants").

2. For at least four years prior to the filing of this complaint and continuing to the present, defendants have engaged in the following unlawful policies with respect to their "lumpers": (a) failing to pay overtime; (b) failing to provide meal and rest periods; (c) denying vested vacation pay; (d) deducting wages for employer-required uniforms and (e) failing to maintain and provide proper wage statements.

3. This complaint contains seven (7) causes of action.

4. In the First Cause of Action, plaintiff, individually and in an "opt-in" collective action on behalf of all similarly-situated current and former "lumpers" employed by defendants in the State of California seeks to recover unpaid overtime compensation, including the interest thereon, statutory penalties and reasonable attorney's fees and costs pursuant to 29 U.S.C. §201 et seq.

5. In the Second Cause of Action, the plaintiff, individually and in an "opt-out" class action on behalf of all similarly-

COMPLAINT FOR: (1) UNPAID OVERTIME COMPENSATION [Calif. Labor Code §1194 and 29 U.S.C. §201 et seq.]; (2) FAILURE TO PROVIDE MEAL AND REST PERIODS [Calif. Labor Code §§512, 226.7]; (3) VIOLATIONS OF UNFAIR COMPETITION ACT [Calif. B&P §17200 et seq.]; (4) UNPAID VACATION COMPENSATION [Calif. Labor Code §§227, 227.3]; (5) UNLAWFUL WAGE DEDUCTIONS FOR UNIFORMS [Calif. Labor Code §221]; AND (6) STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS [Calif. Labor Code §226]

2

situated current and former "lumpers" employed by defendants in the State of California, seeks to recover unpaid overtime compensation, interest thereon, and reasonable attorney fees and costs pursuant to California Labor Code §1194.

6.  In the Third Cause Of Action, plaintiff, individually and in an "opt-out" class action on behalf of all similarly-situated current and former "lumpers" employed by defendants in the State of California, seeks to recover unpaid meal and rest period wages, interest thereon, and attorney fees and costs pursuant to California Labor Code §§512 and 226.7.

7.  In the Fourth Cause Of Action, the plaintiff, individually and in an "opt-out" class action on behalf of all similarly-situated current and former "lumpers" employed by defendants in the State of California, seeks to recover unpaid vacation compensation, including the interest thereon, and reasonable attorney's fees and costs pursuant to California Labor Code §§227, 227.3.

8.  In the Fifth Cause Of Action, the plaintiff, individually and in an "opt-out" class action on behalf of all similarly-situated current and former "lumpers" employed by defendants in the State of California, seeks to recover the unlawful wage deductions for employer-required uniforms, including the interest thereon, and reasonable attorney's fees and costs pursuant to California Labor Code Section 221.

9.  In the Sixth Cause Of Action, plaintiff, individually and in an "opt-out" class action on behalf of all similarly-situated current and former "lumpers" employed by defendants in the State of California, seeks to recover statutory penalties pursuant to Labor

COMPLAINT FOR (1) UNPAID OVERTIME COMPENSATION [Calif. Labor Code §1194 and 29 U.S.C. §201 et seq.]; (2) FAILURE TO PROVIDE MEAL AND REST PERIODS [Calif. Labor Code §§512, 226.7]; (3) VIOLATIONS OF UNFAIR COMPETITION ACT [Calif. B&P §17200 et seq.]; (4) UNPAID VACATION COMPENSATION [Calif. Labor Code §§227, 227.3]; (5) UNLAWFUL WAGE DEDUCTIONS FOR UNIFORMS [Calif. Labor Code §221]; AND (6) STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS [Calif. Labor Code §226]

3

03/26/2008 WED 9:15 [JOB NO. 5964]

Code §226 for defendant's failure to provide and maintain proper wage statements.

10. In the Seventh Cause Of Action, plaintiff, individually and in an "opt-out" class action on behalf of all similarly-situated current and former "lumpers" employed by defendants in the State of California, seeks injunctive relief and restitution from defendants of all wrongfully withheld compensation pursuant to California Business and Professions Code Sections 17200-17208.

### GENERAL ALLEGATIONS

11. Defendants are, and at all times relevant herein were, the employers of plaintiff and were engaged in providing truck unloading services in San Joaquin County.

12. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 to 100, inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious names, and plaintiff will seek leave of the Court to amend this Complaint when the true names and capacities of said defendants are ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein as a DOE is responsible in some manner and liable to plaintiff and the Classes upon the events forming the grounds for this suit.

13. Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto, each of the defendants, whether specifically named or designated as a DOE, was the agent, servant and employee of the remaining co-defendants and, in doing the things herein alleged, was acting within the course and scope of

COMPLAINT FOR (1) UNPAID OVERTIME COMPENSATION [Calif. Labor Code §1194 and 29 U.S.C. §201 et seq.]; (2) FAILURE TO PROVIDE MEAL AND REST PERIODS [Calif. Labor Code §§512, 226.7]; (3) VIOLATIONS OF UNFAIR COMPETITION ACT [Calif. B&P §17200 et seq.]; (4) UNPAID VACATION COMPENSATION [Calif. Labor Code §§227, 227.3]; (5) UNLAWFUL WAGE DEDUCTIONS FOR UNIFORMS [Calif. Labor Code §221]; AND (6) STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS [Calif. Labor Code §226]
4

03/26/2008 WED 9:15 [JOB NO. 5964] 007

said agency, employment and service with the advance knowledge, consent and ratification of each of the remaining defendants.

14. All of the acts and conduct committed by each and every corporate defendants and described in this Complaint were duly authorized, ordered and directed by that corporate defendants' managing agents, employees and officers. In addition, these corporate officers, managing agents and employees participated in the aforesaid acts and conduct and ratified, accepted the benefits of, condoned and approved each and all of the aforesaid acts and conduct of that defendant's corporation.

15. Defendant FRANK GONZALES, SR. is, and all times relevant herein was, the owner, President, and sole shareholder and officer of defendant PRIORITY FREIGHT HANDLING, INC. Defendant FRANK GONZALES, SR. was personally responsible for the overall operational control of and personally made all of the business decisions for defendant PRIORITY FREIGHT HANDLING, INC. Furthermore, with respect to all of the allegations in this Complaint, defendant FRANK GONZALES, SR. acted directly and/or indirectly in the interest of defendant PRIORITY FREIGHT HANDLING, INC. so as to satisfy the definition of an employer under the Fair Labor Standards Act, 29 U.S.C. §203(b). Furthermore, defendant FRANK GONZALES, SR. acted as the alter-ego of PRIORITY FREIGHT HANDLING, INC. and dominated the affairs of said corporation such that a unity of interest and ownership existed between him and said corporation. Further, said corporation was inadequately capitalized and failed to abide by the formalities of corporate existence so as to require piercing the corporate veil, require

COMPLAINT FOR (1) UNPAID OVERTIME COMPENSATION [Calif. Labor Code §1194 and 29 U.S.C. §201 et seq.]; (2) FAILURE TO PROVIDE MEAL AND REST PERIODS [Calif. Labor Code §§512, 226.7]; (3) VIOLATIONS OF UNFAIR COMPETITION ACT [Calif. B&P §17200 et seq.]; (4) UNPAID VACATION COMPENSATION [Calif. Labor Code §§227, 227.3]; (5) UNLAWFUL WAGE DEDUCTIONS FOR UNIFORMS [Calif. Labor Code §221]; AND (6) STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS [Calif. Labor Code §226]

5

03/26/2008 08:56   2093956006   PRIORITY FREIGHT HAN   PAGE 07/18

03/26/2008 WED 8:15 [JOB NO. 5964] @008

abandonment of the fiction of a separate corporation and impose personal liability on FRANK GONZALES, SR. for all of the unlawful policies engaged in under the name of PRIORITY FREIGHT HANDLING, INC. as alleged in this Complaint.

16. The unlawful acts alleged herein occurred, in part, in San Joaquin County.

17. Defendants' unlawful policies as described in this Complaint are continuing and ongoing.

18. The monetary relief sought in this action, including attorney's fees, is less than $75,000.00 per plaintiff and putative class member.

19. The aggregate total of all monetary relief sought in this complaint is less than 5 MILLION DOLLARS.

## CLASS ACTION ALLEGATIONS

20. The plaintiff brings this action, individually and on behalf of all others similarly-situated persons as an "opt-out" class action pursuant to California Code of Civil Procedure §382 and as an "opt-in" collective action pursuant to 29 U.S.C. §216(b). Plaintiff seeks to certify and represent the following two (2) classes.

21. The "opt-in" class (Class 1) that the plaintiff seeks to certify and represent in the First Cause Of Action is composed of and defined as follows:

Class 1

All "lumpers" who are employed or have been

employed by defendants in the State of

California at anytime within three (3) years

COMPLAINT FOR (1) UNPAID OVERTIME COMPENSATION [Calif. Labor Code §1194 and 29 U.S.C. §201 et seq.]; (2) FAILURE TO PROVIDE MEAL AND REST PERIODS [Calif. Labor Code §§512, 226.7]; (3) VIOLATIONS OF UNFAIR COMPETITION ACT [Calif. B&P §17200 et seq.]; (4) UNPAID VACATION COMPENSATION [Calif. Labor Code §§227, 227.3]; (5) UNLAWFUL WAGE DEDUCTIONS FOR UNIFORMS [Calif. Labor Code §221]; AND (6) STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS [Calif. Labor Code §226]

6

PAGE 08/18                    PRIORITY FREIGHT HAN                    2093556006      08:56   03/26/2008

of the filing of this complaint and to the date of trial ("liability period 1").

22.   The plaintiff is similarly-situated to the members of Class 1 in that plaintiff (a) has been employed by defendants during liability period 1 as a "lumper" and regularly worked in excess of forty (40) hours per week but was not paid overtime therefor.

23.   The "opt-out" class (Class 2) that the plaintiff seeks to certify and represent in the Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action is composed of and defined as follows:

Class 2

All "lumpers" who are employed or have been employed by defendants in the State of California at anytime within four (4) years of the filing of this complaint and to the date of trial ("liability period 2").

24.   The plaintiff is similarly-situated to the members of Class 2 in that plaintiff was employed by defendants during liability period 2 as a "lumper" and was subject to all of the unlawful policies alleged in the Second-Seventh Causes of Action.

25.   This action has been brought and may properly be maintained as a class action under the provisions of Section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.   In addition, the following requirements are satisfied:

COMPLAINT FOR (1) UNPAID OVERTIME COMPENSATION (Calif. Labor Code §1194 and 29 U.S.C. §201 et seq.]; (2) FAILURE TO PROVIDE MEAL AND REST PERIODS (Calif. Labor Code §§512, 226.7]; (3) VIOLATIONS OF UNFAIR COMPETITION ACT (Calif. B&P §17200 et seq.]; (4) UNPAID VACATION COMPENSATION (Calif. Labor Code §§227, 227.3]; (5) UNLAWFUL WAGE DEDUCTIONS FOR UNIFORMS (Calif. Labor Code §221]; AND (6) STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS (Calif. Labor Code §226]

03/26/2008 WED 9:15  【JOB NO. 5964】  ☑009

a. Numerosity. The potential members of Class 2 as defined are so numerous that joinder of all the members of the Class is impracticable.

b. Commonality. There are questions of law and fact common to Class 2 that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include without limitation:

i. Whether defendants violated California Labor Code §1194 by failing to pay overtime to plaintiff and the Class members.

ii. Whether defendants violated California Labor Code §§226.7 and 512 by failing to provide meal and rest periods to plaintiff and the Class members.

iii. Whether defendants violated Calif. Labor Code §227.3 by denying compensation for vested vacation benefits to plaintiff and the Class members.

iv. Whether defendants violated Labor Code §226 by failing to prepare and maintain proper wage statements for plaintiff and the Class members.

v. Whether defendants violated Labor Code §§200 et seq. by deducting wages from plaintiff and the Class members to pay for employer-required uniforms.

COMPLAINT FOR (1) UNPAID OVERTIME COMPENSATION [Calif. Labor Code §1194 and 29 U.S.C. §201 et seq.]; (2) FAILURE TO PROVIDE MEAL AND REST PERIODS [Calif. Labor Code §§512, 226.7]; (3) VIOLATIONS OF UNFAIR COMPETITION ACT [Calif. B&P §17200 et seq.]; (4) UNPAID VACATION COMPENSATION [Calif. Labor Code §§227, 227.3]; (5) UNLAWFUL WAGE DEDUCTIONS FOR UNIFORMS [Calif. Labor Code §221]; AND (6) STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS [Calif. Labor Code §226]

8

vi.   Whether defendants violated Business and Professions Code §§17200 et seq. by engaging in the unlawful policies alleged herein.

c.   Typicality. The claims of the named plaintiff are typical of the claims of Class 2. Plaintiff worked for defendants in California during liability period 2 as a "lumper". Plaintiff sustained economic injuries arising out of and caused by defendants' common course of conduct in violation of law as alleged herein.

d.   Adequacy of Representation. Plaintiff is a member of Class 2 and will fairly and adequately represent and protect the interests of the members of Class 2. Counsel who represents the plaintiff is competent and experienced in litigating employment-related cases, including wage and hour class actions.

e.   Superiority of Class Action. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class 2 members is not practicable, and questions of law and fact common to Class 2 predominate over questions affecting only individual members of the Class. Each Class 2 member has been economically damaged and is entitled to recovery by reason of defendants' unlawful policies and/or practices as alleged

COMPLAINT FOR (1) UNPAID OVERTIME COMPENSATION [Calif. Labor Code §1194 and 29 U.S.C. §201 et seq.]; (2) FAILURE TO PROVIDE MEAL AND REST PERIODS [Calif. Labor Code §§512, 226.7]; (3) VIOLATIONS OF UNFAIR COMPETITION ACT [Calif. B&P §17200 et seq.]; (4) UNPAID VACATION COMPENSATION [Calif. Labor Code §§227, 227.3]; (5) UNLAWFUL WAGE DEDUCTIONS FOR UNIFORMS [Calif. Labor Code §221]; AND (6) STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS [Calif. Labor Code §226]

9

03/26/2008 WED 8:15 [JOB NO. 5964] @012

herein. Class action treatment will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

### FIRST CAUSE OF ACTION
### Failure To Pay Overtime Compensation
### (29 U.S.C. §201 et seq.)

26. The allegations of paragraphs 1 through 25 above are realleged and incorporated herein by reference.

27. Plaintiff, LUIS CRUZ, was employed by defendants during liability period 1 as a "lumper". He regularly worked in excess of forty (40) hours per week.

28. During liability period 1, pursuant to the provisions of the Fair Labor Standards Act (29 U.S.C. §§206 and 207) and regulations thereunder, plaintiff and Class 1 were entitled to overtime compensation for hours worked in excess of forty (40) per week but defendants failed to pay plaintiff and Class 1 overtime compensation.

29. Such failure was willful and intentional within the meaning of 29 U.S.C. §255(a).

WHEREFORE, plaintiff and Class 1 members request relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
### Failure To Pay Overtime Compensation
### (Calif. Labor Code §1194)

30. The allegations of paragraphs 1 through 25 above are realleged and incorporated herein by reference.

31. Plaintiff, LUIS CRUZ, was employed by defendants during liability period 2 as a "lumper". He and Class 2 members

COMPLAINT FOR (1) UNPAID OVERTIME COMPENSATION [Calif. Labor Code §1194 and 29 U.S.C. §201 et seq.]; (2) FAILURE TO PROVIDE MEAL AND REST PERIODS [Calif. Labor Code §§512, 226.7]; (3) VIOLATIONS OF UNFAIR COMPETITION ACT [Calif. B&P §17200 et seq.]; (4) UNPAID VACATION COMPENSATION [Calif. Labor Code §§227, 227.3]; (5) UNLAWFUL WAGE DEDUCTIONS FOR UNIFORMS [Calif. Labor Code §221]; AND (6) STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS [Calif. Labor Code §226]

10

regularly worked in excess of eight (8) hours per day and/or forty (40) hours per week.

32.    During liability period 2, pursuant to the provisions of the California Labor Code, plaintiff and members of Class 2 were entitled to overtime compensation but defendants failed to pay plaintiff and Class 2 members overtime compensation.

33.    Such failure was willful and intentional.

WHEREFORE, plaintiff and Class 2 members request relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
#### Failure To Provide Meal And Rest Periods
#### (Labor Code §§512, 226.7)

34.    The allegations of paragraphs 1 through 25 above are realleged and incorporated herein by reference.

35.    Plaintiff, LUIS CRUZ, was employed by defendants during liability period 2 as a "lumper".

36.    During liability period 2, pursuant to the provisions of the Calif. Labor Code §§512 and 226.7, plaintiff and Class 2 members were entitled to meal and rest periods, but defendants regularly and systematically failed to provide and denied plaintiff and Class 2 members meal and rest periods. As a result, there is owing to plaintiff and Class 2 members one hour in wages for each workday that a meal and/or rest period was not provided.

37.    Such failure was willful and intentional.

WHEREFORE, plaintiff and Class 2 request relief as hereinafter set forth.

///

///

COMPLAINT FOR (1) UNPAID OVERTIME COMPENSATION [Calif. Labor Code §1194 and 29 U.S.C. §201 et seq.]; (2) FAILURE TO PROVIDE MEAL AND REST PERIODS [Calif. Labor Code §§512, 226.7]; (3) VIOLATIONS OF UNFAIR COMPETITION ACT [Calif. B&P §17200 et seq.]; (4) UNPAID VACATION COMPENSATION [Calif. Labor Code §§227, 227.3]; (5) UNLAWFUL WAGE DEDUCTIONS FOR UNIFORMS [Calif. Labor Code §221]; AND (6) STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS [Calif. Labor Code §226]

11

### FOURTH CAUSE OF ACTION
**Wrongful Forfeiture Of Vacation Pay**
**(Labor Code §§227, 227.3)**

38.    The allegations of paragraphs 1 through 25 above are realleged and incorporated herein by reference.

39.    Plaintiff, LUIS CRUZ, was employed by defendants during liability period 2 as a "lumper" and was subject to defendants' vacation benefits plan.

40.    During liability period 2, pursuant to the provisions of the Calif. Labor Code §§227 and 227.3, plaintiff and Class 2 were entitled to compensation for vested vacation benefits, but defendants failed to pay plaintiff and Class 2 said vacation compensation.

41.    Such failure was willful and intentional.

WHEREFORE, plaintiff and Class 2 request relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**Unlawful Wage Deductions For Uniforms**
**(Labor Code §221)**

42.    The allegations of paragraphs 1 through 25 above are realleged and incorporated herein by reference.

43.    Plaintiff, LUIS CRUZ, was employed by defendants during liability period 2 as a "lumper" and he and Class 2 members were subject to defendants' unlawful policy of deducting wages for employer-required uniforms.

44.    Such violations were willful and intentional.

WHEREFORE, plaintiff and Class 2 members request relief as hereinafter set forth.

///

COMPLAINT FOR (1) UNPAID OVERTIME COMPENSATION [Calif. Labor Code §1194 and 29 U.S.C. §201 et seq.]; (2) FAILURE TO PROVIDE MEAL AND REST PERIODS [Calif. Labor Code §§512, 226.7]; (3) VIOLATIONS OF UNFAIR COMPETITION ACT [Calif. B&P §17200 et seq.]; (4) UNPAID VACATION COMPENSATION [Calif. Labor Code §§227, 227.3]; (5) UNLAWFUL WAGE DEDUCTIONS FOR UNIFORMS [Calif. Labor Code §221]; AND (6) STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS [Calif. Labor Code §226]

12

## SIXTH CAUSE OF ACTION
### Wage Statement Violations
### (Labor Code §226)

45.   The allegations of paragraphs 1 through 25 above are realleged and incorporated herein by reference.

46.   Plaintiff, LUIS CRUZ, was employed by defendants during liability period 2 as a "lumper" and he and Class 2 members were subject to defendants' unlawful policy of failing to prepare and maintain proper wage statements pursuant to Labor Code §226(a)(2)(3).

47.   As a result of said violations, there is owing to plaintiff and Class 2 members statutory penalties under Labor Code §226(e).

48.   Such violations were willful and intentional.

WHEREFORE, plaintiff and Class 2 members request relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (California B&P Code § 17200 et seq.)

49.   The allegations of paragraphs 1 through 48 above are realleged and incorporated herein by reference.

50.   All of the violations of the California Labor Code and the FLSA as alleged herein constitute unfair and unlawful business practices.

51.   As a result of said unfair and unlawful business practices, defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of plaintiff and Class 2.   Defendants should be enjoined from continuing these unfair

COMPLAINT FOR (1) UNPAID OVERTIME COMPENSATION [Calif. Labor Code §1194 and 29 U.S.C. §201 et seq.]; (2) FAILURE TO PROVIDE MEAL AND REST PERIODS [Calif. Labor Code §§512, 226.7]; (3) VIOLATIONS OF UNFAIR COMPETITION ACT [Calif. B&P §17300 et seq.]; (4) UNPAID VACATION COMPENSATION [Calif. Labor Code §§227, 227.3]; (5) UNLAWFUL WAGE DEDUCTIONS FOR UNIFORMS [Calif. Labor Code §221]; AND (6) STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS [Calif. Labor Code §226]

13

business practices and made to return to plaintiff and Class 2 members the wrongfully withheld compensation.

WHEREFORE, plaintiff and Class 2 members request relief as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff and the Classes request relief as follows:

**AS TO THE FIRST CAUSE OF ACTION UNDER 29 U.S.C. §201 ET SEQ.**

1. For a determination that the First Cause Of Action under 29 U.S.C. §201 et seq. may be maintained as an "opt-in" collective action under 29 U.S.C. §216(b) as to the unnamed, but similarly-situated "lumpers" comprising Class 1.

2. For unpaid overtime compensation to plaintiff and Class 1 during the liability period 1 according to proof;

3. For additional liquidated damages;

4. For reasonable attorney fees and costs;

5. For prejudgment interest at the prevailing legal rate; and

6. For such other and further relief as the Court may deem proper.

**AS TO THE SECOND-SEVENTH CAUSES OF ACTION UNDER THE CALIF. LABOR CODE AND B&P §17200 ET SEQ.**

7. For a determination that the Second-Seventh Causes Of Action under the California Labor Code and B&P Code §17200 may be maintained as an "opt-out" class action under C.C.P. §382 as to the unnamed, but similarly-situated "lumpers" comprising Class 2;

8. For restitution and disgorgement of all ill-gotten gains

COMPLAINT FOR (1) UNPAID OVERTIME COMPENSATION [Calif. Labor Code §1194 and 29 U.S.C. §201 et seq.]; (2) FAILURE TO PROVIDE MEAL AND REST PERIODS [Calif. Labor Code §§512, 226.7]; (3) VIOLATIONS OF UNFAIR COMPETITION ACT [Calif. B&P §17200 et seq.]; (4) UNPAID VACATION COMPENSATION [Calif. Labor Code §§227, 227.3]; (5) UNLAWFUL WAGE DEDUCTIONS FOR UNIFORMS [Calif. Labor Code §221]; AND (6) STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS [Calif. Labor Code §226]

14

03/26/2008 WED 9:15    [JOB NO. 5964]    Ø016

03/26/2008 08:56    2093556006    PRIORITY FREIGHT HAN    PAGE 16/18

and benefits, including restitution of unpaid regular and overtime compensation to plaintiff and Class 2 during liability period 2 according to proof;

9.    For injunctive relief that defendants be ordered to cease and desist from unfair business practices in violation of Business and Professions Code §§17200 et seq.;

10.    For damages for unpaid regular and overtime compensation to plaintiff and Class 2 during liability period 2 according to proof.

11.    For statutory penalties pursuant to Labor Code §226.

12.    For prejudgment interest at the prevailing legal rate;

13.    For waiting time penalties under Labor Code §203 as to plaintiff and Class 2 members whose employment has been terminated;

14.    For reasonable attorney fees and costs; and

15.    For such other and further relief as the Court may deem proper.

**PLAINTIFF AND THE CLASSES DEMAND TRIAL BY JURY**

DATE: March 10, 2008

LAW OFFICE OF JERRY BUDIN

JERRY N. BUDIN
Attorney for Plaintiff,
LUIS CRUZ, individually and
on behalf of all others similarly-
situated

COMPLAINT FOR (1) UNPAID OVERTIME COMPENSATION (Calif. Labor Code §1194 and 29 U.S.C. §201 et seq.); (2) FAILURE TO PROVIDE MEAL AND REST PERIODS (Calif. Labor Code §§512, 226.7); (3) VIOLATIONS OF UNFAIR COMPETITION ACT (Calif. B&P §17200 et seq.); (4) UNPAID VACATION COMPENSATION (Calif. Labor Code §§227, 227.3); (5) UNLAWFUL WAGE DEDUCTIONS FOR UNIFORMS (Calif. Labor Code §221); AND (6) STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS (Calif. Labor Code §226)

15

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

☐ Lodi Branch
315 W. elm St.
Lodi, CA 95240

☐ Manteca Branch
315 E. Center St.
Manteca, CA 95336

☒ Stockton Branch
222 E. Weber Ave.
Rm 303
Stockton, CA 95202

☐ Tracy Branch
475 E. 10ᵗʰ St.
Tracy, CA 95376

Cruz,
_____ Plaintiff(s),

-vs-

Priority Freight Handling
Inc, _____ Defendant(s).

Case No. **CV034970**

**NOTICE OF CASE MANAGEMENT CONFERENCE (CMC)**

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that this matter is **ASSIGNED FOR ALL PURPOSES AND TRIAL**, pursuant to local rule 3-101 to:

☐ JUDGE LAUREN P. THOMASSON, Dept. 11, CMC set for _____ at 8:45 a.m.

☐ JUDGE LESLEY D. HOLLAND, Dept. 13, CMC set for _____ at 8:30 a.m.

☐ JUDGE ELIZABETH HUMPHREYS, Dept. 41, CMC set for _____ at 8:45 a.m.

☒ JUDGE CARTER P. HOLLY, Dept. 42, CMC set for _7-31-08_ at 8:45 a.m.

1. **You must:**
   a. **Serve all named defendants and file proofs of service** on those defendants with the court Within 60 days of the filing of the complaint (CRC 3.110).
   b. **File and serve a completed Case Management Conference Statement** (use of Judicial Council form CM 110 is Mandatory) at least 15 days before the Case Management Conference.
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. CRC 3.724

2. You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call CourtCall, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

Visit our website at www.stocktoncourt.org for more information regarding civil cases, local rules and forms.

Dated: _____ MAR 1 0 2008 _____

Rosa Junqueiro, Clerk

By _____
Deputy Clerk

## NOTICE OF CASE MANAGEMENT CONFERENCE

Sup Crt 194 (01/07)

Jerry Budin, Esq.
State Bar #88539
LAW OFFICE OF JERRY BUDIN
2401 E. Orangeburg Ave., Ste. 675-309
Modesto, California 95355
Telephone: (209) 544-3030
Facsimile: (209) 544-3144

Attorneys for Plaintiff,
LUIS CRUZ, individually
and on behalf of all others
similarly-situated

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN JOAQUIN

(Unlimited Jurisdiction)

| | |
|---|---|
| LUIS CRUZ, individually and on behalf of all others similarly-situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>PRIORITY FREIGHT HANDLING, INC., FRANK GONZALES, SR. AND DOES 1 through 100,<br><br>                    Defendants.<br>_____ | CASE NO. CV034970<br><br>PEREMPTORY CHALLENGE PURSUANT TO CCP §170.6 |

I, Jerry Budin, declare:

1.    I am the attorney for the plaintiff in the within action;

2.    Judge Carter P. Holly to whom this matter has been assigned for all purposes is prejudiced against the plaintiff and as to the interests of the plaintiff so that I believe that the plaintiff cannot have a fair and impartial trial or hearing before Judge Carter P. Holly.

I declare under penalty of perjury under the laws of the State

PEREMPTORY CHALLENGE PURSUANT TO CCP §170.6                                    CASE NO. CV034970

of California the foregoing is true and correct.

DATE: March 14, 2008

LAW OFFICE OF JERRY BUDIN

JERRY N. BUDIN
Attorney for Plaintiff,
LUIS CRUZ, individually and
on behalf of all others similarly-
situated

PEREMPTORY CHALLENGE PURSUANT TO CCP §170.6

2

CASE NO. CV034970

SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN JOAQUIN

| | |
|---|---|
| LUIS CRUZ<br><br>Plaintiff(s),<br><br>VS<br><br>PRIORITY FREIGHT HANDLING INC. ET AL.<br>Defendant(s). | Filed: MAR 24 2008<br><br>**ROSA JUNQUEIRO<br>CLERK**<br><br>By: _HEATHER ROMUAR_ |
| **NOTICE OF ASSIGNMENT TO NEW JUDGE** | Case Number<br>**CV034970** |

To Litigants:

You will please take notice that:

    [ x ] Declaration pursuant to CCP170.6 has been filed as to
        Judge Carter P. Holly by Luis Cruz Case assigned to Judge Lesley P Holland.
    [ ] Judge _____ has recused him/herself from this case.

The case has now been assigned to Judge Lesley D. Holland in Dept. No. 13.

All future hearings will be held in the newly assigned department.

---

### CERTIFICATE OF MAILING

I declare, under penalty of perjury, I am over 18 years of age and not a party to this action. I am employed in the county where the mailing took place, Stockton, California, on 3/28/2008. I served these documents by enclosing them in an envelope,d place the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. The same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Signature _HEATHER ROMUAR_

JERRY N BUDIN
LAW OFFICE OF JERRY BUDIN
2401 E ORANGEBURG AVE
SUITE 675 309
MODESTO CA    95355

**NOTICE OF ASSIGNMENT TO NEW JUDGE**

Exhibit B

JENNIFER K. WHIPPLE, SBN: 196795
HERUM CRABTREE BROWN
*A California Professional Corporation*
2291 West March Lane, Suite B-100
Stockton, California 95207
Telephone: (209) 472-7700
jwhipple@herumcrabtree.com


*Attorneys for Priority Freight Handling, Inc.*
*and Frank Gonzales, Sr.*


### SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
### STOCKTON BRANCH


| | |
|---|---|
| LUIS CRUZ, individually and on behalf of all persons similarly situated, ) ) ) | Case No.: |
| ) | |
| Plaintiffs, ) ) | **NOTICE OF REMOVAL TO ADVERSE PARTIES AND STATE COURT CLERK** |
| vs. ) ) | |
| PRIORITY FREIGHT HANDLING, INC., FRANK GONZALES, SR. AND DOES 1 through 100, inclusive ) ) ) | |
| ) | |
| Defendants. ) ) | |

///

///

///

///

///

///

///

///

**NOTICE OF REMOVAL TO ADVERSE PARTIES AND STATE COURT CLERK**

**NOTICE OF REMOVAL TO ADVERSE PARTIES AND STATE COURT CLERK**

You are hereby notified that Defendants PRIORITY FREIGHT HANDLING, INC. and FRANK GONZALES, SR., have, on April 24, 2008, filed in the United States District Court for the Eastern District of California, Sacramento Division, a Notice of Removal of this case. A copy of the Notice of Removal is attached hereto as Exhibit A.

Date:  April 24, 2008

HERUM CRABTREE BROWN
*A California Professional Corporation*

By: *Jennifer K. Whipple*
JENNIFER K. WHIPPLE

HERUM CRABTREE BROWN
2291 West March Lane, Suite B-100
Stockton, California 95207
Telephone:  (209) 472-7700
jwhipple@herumcrabtree.com

*Attorneys for Priority Freight Handling, Inc. and Frank Gonzales, Sr.*

2

NOTICE OF REMOVAL TO ADVERSE PARTIES AND STATE COURT CLERK